UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR TAGLE,

      Plaintiff,

v.

NDOC, et al.,

      Defendants.

Case No. 2:15-cv-00623-APG-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on several pending motions filed by Plaintiff and one by Defendant. (ECF No. 5, 15, 18, 25, 39, 43, 45, 50, 61, 73).

I.    **MISCELLANEOUS MOTIONS**

Plaintiff has filed numerous motions, many of which are illegible.[1] Responses have been filed to all of Plaintiff's pending motions. The Court has grouped the motions according to the relief sought and discusses them accordingly. The Court warns that if Plaintiff continues to file multiple, frivolous motions, the Court may place restrictions on such filings and the motions may be stricken from the record.

    A.    **Plaintiff's Motions for Immediate Release and/or Injunctive Relief (ECF No. 5, 25, 45, 61, 73)**

These motions filed by Plaintiff seek either immediate release, transfer from NDOC facilities, and/or for the Court to intervene in the "abuses" inflicted upon Plaintiff at NDOC facilities.

To the extent Plaintiff seeks immediate release, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier

---

[1] This was addressed in the Court's Screening Order.

release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Plaintiff's motions seeking immediate release should be denied.

To the extent that Plaintiff is seeking injunctive relief to stop the abuses against him, transfer to other facilities and/or removal of his lifetime supervision sentence, the Court evaluates the requests under Fed. R. Civ. P. 65 for a preliminary injunction.

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Resources Defense Council, Inc.*, – U.S. –, 129 S.Ct. 365, 374 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir. 1994) (relief must be denied unless the facts and law clearly favor the moving party).

The arguments in Plaintiff's motions are outside the scope of the second amended complaint. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction is appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Where a preliminary

injunction complains of a set of facts distinct from those in the complaint, a preliminary injunction is inappropriate. *LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham*, 180 F.Supp.2d 65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief is denied where the complaint involves facts, legal issues, and parties different from those presented in the motion). Plaintiff's request for injunctive relief should be denied.

Also, the Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78 (1987). Because placement of inmates in particular facilities is often a matter of security, the Court will not order Plaintiff's transfer. Moreover, there is no constitutional right to be housed in a particular unit in prison or the facility of one's choice. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976), and *McCune v. Lile*, 536 U.S. 24, 38 (2002).

**B.     Plaintiff's Motion for Summary Judgment (ECF No. 15); Defendant's Motion to Strike (ECF No. 39)**

Plaintiff filed a motion for summary judgment on April 27, 2015, prior to the filing of his amended complaint and second amended complaint. A motion for summary judgment is premature prior to the Court's screening order. Additionally, the motion was filed prior to the operative second amended complaint, making the motion moot. Lastly, Plaintiff has not filed any evidence in support of his motion. Summary judgment is only appropriate where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 65(a). That standard cannot be satisfied at this time. Plaintiff's motion should be denied. Defendant's motion to strike Plaintiff's motion for summary judgment should be granted.

**C.     Plaintiff's Motion for Summons (ECF No. 18, 43)**

Plaintiff has filed motions for the issuance of summons. The Court has now screened Plaintiff's second amended complaint and dismissed it without prejudice. The issuance of summons is premature at this time. Plaintiff's motions are denied.

**D.     Plaintiff's Motion to Strike (ECF No. 50)**

Plaintiff moves to strike a response filed by Defendant Greg Cox to Plaintiff's

request to be removed from lifetime supervision. (*See* ECF No. 41). There is no merit to Plaintiff's motion and it is denied.

II. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motions for immediate release, a transfer and/or injunctive relief (ECF No. 5, 25, 45, 61, 73) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for summary judgment (ECF No. 15) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for summons (ECF No. 18, 43) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 50) is **DENIED**.

DATED this 5th day of October, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge