UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:15-cv-00623-APG-GWF<br><br>**ORDER ON REPORT AND RECOMMENDATION**<br><br>(Dkt. Nos. 5, 15, 25, 45, 61, 73, 77) |

On October 6, 2015, Magistrate Judge Foley entered a report and recommendation that I (1) deny plaintiff Victor Tagle's motions requesting he be released from the custody of the Nevada Department of Corrections ("NDOC") and (2) deny Tagle's motion for summary judgment. (Dkt. #77.) Tagle did not file an objection. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)). I nevertheless conducted a de novo review. 28 U.S.C. § 636(b)(1).

**I. Motions Challenging Conviction and Sentence or for Injunctive Relief (Dkt. Nos. 5, 25, 45, 61, and 73)**

In various motions, Tagle seeks to be released immediately from custody, for the court to transfer him out of NDOC facilities, or for the court to enjoin the defendants from abusing him during his incarceration in NDOC facilities. To the extent Tagle seeks dismissal of the charges against him or challenges the legality of his conviction and sentence, those matters are not properly before the court in this civil rights action. Instead, Tagle will need to challenge the validity of his conviction, sentence, or lifetime supervision on direct appeal, through habeas

corpus, or by seeking other relief. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 88-90 (1973)); Nevada Revised Statutes § 176.0931(3) (allowing the sentencing court or the parole board to release a defendant from lifetime supervision under certain circumstances). Additionally, Tagle cannot bring a civil suit for damages under 42 U.S.C. § 1983 that necessarily implies his conviction or sentence is invalid unless he shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Tagle has made no such showing. I therefore deny his motions to the extent they necessarily imply the invalidity of his conviction or sentence.

To the extent Tagle seeks injunctive relief in the form of being transferred out of NDOC's jurisdiction or to enjoin alleged harassment by NDOC correctional officers, I deny his motions. To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries

the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

Tagle has not met his burden of showing a likelihood of success on the merits. It appears he has not exhausted his administrative remedies regarding the allegations that the guards are taking his mail and legal papers or physically abusing him. Indeed, the most recent events about which he complains to support his motions took place approximately a month before the Second Amended Complaint was filed. Exhaustion is required before Tagle can bring suit on these allegations and it appears he has not done so.[1] Consequently, he has not made a clear showing that injunctive relief is appropriate, and I deny his motions.

## II. Motion for Summary Judgment (Dkt. #15)

Tagle filed a document he titled "an opposition for: summary of judgment motion." (Dkt. #15). If this document is meant to oppose a summary judgment motion filed by the defendants, no such motion exists. If this document is meant to be a summary judgment motion, Tagle presents no evidence in support and has not shown he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. I therefore deny the motion.

## III. Conclusion

IT IS THEREFORE ORDERED that Judge Foley's report and recommendation (**Dkt. #77) is accepted with the modification** that Tagle has not shown a likelihood of success on the merits to the extent he seeks preliminary injunctive relief.

/ / / /

/ / / /

---

[1] Under 42 U.S.C. § 1997e(a), exhaustion is mandatory before the plaintiff brings suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). I recognize that exhaustion is an affirmative defense that the defendants bear the burden of establishing. *Albino v. Baca*, 747 F.3d 1162, 1171-72 (9th Cir. 2014) (en banc). However, the defendants raised this issue in their papers and Tagle offered no evidence or argument to rebut it. Tagle seeks extraordinary relief in the form of an injunction, and he therefore must show in the context of these motions a likelihood of success on the merits, which he has not done.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motions (**Dkt. ##5, 15, 25, 45, 61, 73**) **are DENIED.**

DATED this 18th day of December, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE