# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, | |
|     Plaintiff, | Case No. 2:15-cv-00623-APG-GWF |
| v. | **ORDER** |
| NDOC, *et al.*, | |
|     Defendants. | |

This matter is before the Court on Defendants' Motion to Strike Affidavit and Notice (ECF No. 171), filed on May 11, 2017. Also before the Court is Defendants' Motion to Strike Plaintiff's "Complaint in Regard to Email" (ECF No. 173), filed on May 11, 2017. Plaintiff filed his Response (ECF No. 176) on May 18, 2017 and Defendants filed their Reply (ECF No. 182) on May 25, 2017.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Whether to grant a motion to strike lies within the sound discretion of the district court. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Additionally, the Court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995). Similar to Rule 12(f) motions to strike, striking material under the Court's inherent power is wholly discretionary. See *Almy v. Davis*, No. 2:12–cv–00129–JCM–VCF, 2014 WL 773813, at *4–5 (D.Nev. Feb. 25, 2014).

Rule 7(a) of the Federal Rules of Civil Procedure states that only these types of pleadings

are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Rule 7(b) sets forth that a motion must be in writing unless it is made during a hearing or trial, must state with particularity the grounds for seeking the order, and state the relief sought. Fed. R. Civ. P. 7(b).

Defendants request that the Court strike Plaintiff's "Affidavit in Support of Cases" (ECF No. 151) and notice of "Resubmission of Exhibits on State's Personnel Abuse" (ECF No. 152) as fugitive documents that do not comport with the Federal Rules of Civil Procedure. Defendants further request that the Court strike Plaintiff's "Complaint in Regard: E-mail & the People who Handles It" (ECF No. 148). Plaintiff's filings do not appear to be pleadings as defined by the Federal Rules of Civil Procedure nor do they appear to request specific relief. Further, LR 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." The Court, therefore, strikes Plaintiff's filings (ECF Nos. 148, 151, and 152) as supplemental filings. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Affidavit and Notice (ECF No. 171) is **granted**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's "Complaint in Regard to Email" (ECF No. 173) is **granted**.

DATED this 28th day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge